IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER E. GREER,<br>　　　　Plaintiff,<br>　　v.<br>CHRISTINE WORMUTH, et al.,<br>　　　　Defendants. | Case No. 24-cv-00614-MMC<br><br>**ORDER DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING MAY 31, 2024, HEARING** |

Before the Court is defendants Christine Wormuth and the Department of the Army's Motion to Dismiss, filed April 22, 2024. Plaintiff Roger E. Greer ("Greer"), who proceeds pro se, has filed opposition, titled "Objections," to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 31, 2024, and rules as follows.

**BACKGROUND**

In his Complaint, Greer alleges he was terminated from his employment with the Army. (See Compl. ¶ 2.) According to a Decision issued by the Equal Employment Opportunity Commission on January 4, 2024, which Decision is attached as an exhibit to the Complaint, Greer, who was employed by the Army as a firefighter, was "subject to random urinalysis tests" and, on April 16, 2015, "tested positive for amphetamine and methamphetamine/d-methamphetamine." (See Compl. Ex. at 1.) According to the Decision, the Army, based on Greer's illegal drug use, issued a notice of proposed removal on June 26, 2015, and terminated Greer's employment as of August 31, 2015.

1   (See id.)

2   Greer alleges the termination was "discriminatory," on the ground it constituted
3   "[r]etaliation for known MSPB [Merit Systems Protection Board] and EEO [Equal
4   Employment Opportunity] protected activity" and, additionally, that it was the result of a
5   "failure to accommodate [Greer's] disability under reported Safe Harbor prior to drug
6   testing by the defendant."  (See Compl. ¶ 5(e).)  With respect to his failure to
7   accommodate theory, Greer alleges that Dennis A. Timmons, the official who proposed to
8   remove Greer, testified at a deposition that Greer had "voluntarily identified himself as
9   seeking treatment and detoxification for drug use under 'Safe Harbor' under the
10  government's DFWP [Drug-Free Workplace Program]."  (See Compl. ¶ 6.)

11  Based on the above, Greer asserts claims under Title VII of the Civil Rights Act of
12  1964 and the Rehabilitation Act of 1993.

## LEGAL STANDARD

14  Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be
15  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged
16  under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
17  699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of
18  the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v.
19  Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a
20  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
21  allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his
22  entitlement to relief requires more than . . . a formulaic recitation of the elements of a
23  cause of action."  See id. (internal quotation, citation, and alteration omitted).

24  In analyzing a motion to dismiss, a district court must accept as true all material
25  allegations in the complaint and construe them in the light most favorable to the
26  nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To
27  survive a motion to dismiss," however, "a complaint must contain sufficient factual
28  material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

1  v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual
2  allegations must be enough to raise a right to relief above the speculative level,"
3  Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion
4  couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and
5  citation omitted).

## DISCUSSION

By the instant motion, defendants argue the Complaint is subject to dismissal in its entirety.  As set forth below, the Court agrees.

First, although Title VII provides that a federal employee has the right to be "free from any discrimination based on race, color, religion, sex, or national origin," see 42 U.S.C. § 2000e-16(a), Greer fails to allege any facts to support a finding that his termination was on account of his race, color, religion, sex, or national origin, and, indeed, on the form complaint he used, he did not check any of the boxes to indicate that the termination was based on "race or color," "religion," "sex," and/or "national origin" (see Compl. ¶ 5).

Second, although the Rehabilitation Act provides that a federal employee has the right to be free from discrimination based on disability and to have a disability reasonably accommodated, see Coons v. Secretary of U.S. Dep't of Treasury, 383 F.3d 879, 886 and n. 3 (9th Cir. 2004), Greer fails to allege any facts to support his conclusory assertion that he has a "disability" (see Compl. ¶ 5(e)); Iqbal, 556 U.S. at 678 (holding "conclusory statements" fail to state cognizable claim); Coons, 383 F.3d at 8846 (holding employee is "disabled" where employee has "a physical or mental impairment that substantially limits one or more of the individual's major life activities," has "a record of such an impairment," or "is regarded as having such an impairment"; finding, where plaintiff failed to show he was disabled, government entitled to summary judgment on discrimination and failure to accommodate claims brought under Rehabilitation Act).

Further, even assuming Greer is, in some manner, disabled, his reliance on the Rehabilitation Act's "safe harbor" provision is unavailing.  In particular, said statutory

provision sets forth three "exceptions" to the general rule that, if "currently engaged in the illegal use of drugs," an employee is not disabled where the employer "acts on the basis of such use." See 29 U.S.C. § 705(20)(C)(i). Each such exception, however, requires a showing that the employee "is no longer" or "is not" engaging in the illegal use of drugs, see 29 U.S.C. § 705(20)(C)(ii),[1] and Greer, at best, alleges he stated to his supervisor that he was "seeking treatment and detoxification," not that he was no longer using illegal drugs. (See Compl. ¶ 6); see also Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1186-88 (9th Cir. 2001) (holding, for purposes of Americans With Disabilities Act ("ADA"), "safe harbor" provision inapplicable based on "[m]ere participation in a rehabilitation program"; further holding "refraining from illegal use of drugs" is "essential").[2]

Lastly, although both Title VII and the Rehabilitation Act provide that a federal employee has the right to be free from retaliation, see Ayon v. Sampson, 547 F.2d 446, 449-50 (9th Cir. 1976); Coons, 383 F.3d at 887, Greer fails to allege any facts to support his conclusory assertion that he engaged in "MSPB and EEO protected activity" (see Compl. ¶ 5(e)). In particular, Greer pleads no facts to support a finding that he "opposed any practice made an unlawful employment practice by [Title VII]" or that he "made a charge, testified, assisted, or participated in any manner with an investigation, proceeding, or hearing under [Title VII]," see Ayon, 547 F.2d at 450 (identifying protected activities cognizable under Title VII), that he sought an "accommodation in good faith," see Coons, 383 F.3d at 887 (identifying protected activities cognizable under Rehabilitation Act), or that he "made a complaint, testified, assisted, or participated in any

---

[1] The three exceptions apply where the employee has (1) "successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use," (2) is "participating in a supervised rehabilitation program and is no longer engaging in such use," or (3) is "erroneously regarded as engaging in such use, but is not engaging in such use." See id.

[2] The safe harbor provision in the ADA is essentially the same as the safe harbor provision in the Rehabilitation Act. Compare 42 U.S.C. §§ 12114(a)-(b) with 29 U.S.C. §§ 795(20)(C)(i)-(ii).

4

manner in an investigation, proceeding, or hearing under [the Rehabilitation Act]," see Barker v. Riverside County Office of Education, 584 F.3d 821, 825 (9th Cir. 2009) (listing protected activities cognizable under Rehabilitation Act).  Moreover, Greer fails to allege any facts to support a finding that a "causal link" exists between a protected activity and his termination.  See Coons, 383 F.3d at 887 (holding retaliation claim not cognizable in absence of showing "causal link" between "protected activity" and "adverse employment action").[3]

**CONCLUSION**

For the reasons stated above:

1. The motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED.

2. Should Greer wish to file a First Amended Complaint ("FAC") for purposes of curing any or all of the above-referenced deficiencies, Greer shall file such FAC no later than June 14, 2024.

**IT IS SO ORDERED.**

Dated: May 22, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] In his opposition, Greer states he engaged in "EEO protected activity" on August 12, 2014 (see Pl.'s Objections at 5), i.e., more than ten months prior to issuance of the notice of proposed removal.  Such interval of time is insufficient to establish the requisite causal link.  See Clark County School Dist. v. Breeden, 532 U.S. 268, 273–74 (2001) (noting cases finding causal link based on timing between protected activity and adverse employment action "uniformly hold that the temporal proximity must be 'very close'"; citing with approval circuit court decisions holding three-month and four-month intervals insufficient).