IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER E. GREER,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTINE WORMUTH, et al.,<br><br>    Defendants. | Case No. 24-cv-00614-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND; VACATING HEARING; DIRECTIONS TO CLERK** |

Before the Court is defendants Department of the Army and Christine Wormuth's Motion, filed July 8, 2024, "to Dismiss First Amended Complaint." Plaintiff Roger E. Greer, who proceeds pro se, has not filed a response thereto.[1] Having read and considered the moving papers, the Court deems the matter appropriate for determination thereon, VACATES the hearing scheduled for August 23, 2024, and rules as follows.

Plaintiff's claims arise from defendants' June 2015 notice of termination of plaintiff's employment with the Department of the Army and the subsequent termination, which termination, plaintiff alleges, was on account of the results of a random drug test, namely, positive tests for amphetamine and methamphetamine. By order filed May 22, 2024 ("May 22 Order"), the Court granted defendants' motion to dismiss the initial Complaint for failure to state a claim. In so ruling, the Court found (1) plaintiff's Title VII discrimination claim failed, as he did not allege any facts to support a finding that his termination was on account of race, color, religion, sex, or national origin, (2) his

---

[1] As the motion was filed on July 8, 2024, plaintiff's opposition or other response to the motion was due no later than July 22, 2024. See Civil L.R. 7-3(a) (providing "opposition must be filed and served not more than 14 days after the motion was filed").

Rehabilitation Act claims for discrimination and for failure to accommodate failed, as he did not allege facts to support a finding that he was disabled or, even if disabled, that he qualified for a statutory safe harbor available to employees who are no longer engaged in the illegal use of drugs, and (3) plaintiff's Title VII and Rehabilitation Act retaliation claims failed, as he did not allege any facts to support a finding that he engaged in any protected activity, let alone a causal link between any protected activity and the termination. The Court granted plaintiff leave to amend and plaintiff subsequently filed a First Amended Complaint ("FAC").

By the instant motion, defendants argue the FAC likewise is subject to dismissal for failure to state a claim. As set forth below, the Court agrees.

First, with respect to plaintiff's Title VII discrimination claim, plaintiff has added no factual allegations to support a finding that his employment was terminated on account of "race, color, religion, sex, or national origin," see 42 U.S.C. § 2000e-16(a) (setting forth federal military employees' right to be free from discrimination), and, accordingly, said claim will be dismissed without further leave to amend.

Next, with respect to plaintiff's Rehabilitation Act discrimination and failure to accommodate claims, plaintiff now asserts he "is not claiming that he is an actual 'disabled person'," but, rather, that he was "regarded as" having a disabling impairment. (See FAC, third attachment at 2.) Although a Rehabilitation Act claim may be brought by an employee who is "regarded as" disabled, see Coons v. Secretary of U.S. Dep't of Treasury, 383 F.3d 879, 884 (9th Cir. 2004), plaintiff fails to allege any facts to support a finding that defendants regarded him as disabled, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "legal conclusions" not "supported by factual allegations" fail to state cognizable claim). Further, even assuming defendants regarded plaintiff as disabled, plaintiff's allegation that he tested positive for illegal drugs in April 2015 (see FAC at 2), i.e., two months prior to the notice of termination, and the lack of any allegation that such test result was in error, bars his Rehabilitation Act claims, see 29 U.S.C. § 705(20)(C)(i) (providing "individual with a disability" does not include persons "currently engaged in the

1  illegal use of drugs"); Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir. 1995)
2  (holding "drug involvement during the weeks and months prior to [employee's] discharge"
3  barred claim").  Accordingly, plaintiff's Rehabilitation Act termination and failure to
4  accommodate claims will be dismissed without further leave to amend.
5        Lastly, with respect to plaintiff's retaliation claims, plaintiff now alleges he filed an
6  "EEO complaint" in or around August 2014.  (See FAC at 2.)  Plaintiff fails to plead,
7  however, any facts to support a finding that a causal link exists between such filing and
8  the notice of termination issued ten months later.  See Coons, 383 F.3d at 887 (holding
9  retaliation claim not cognizable in absence of showing "causal link" between "protected
10 activity" and "adverse employment action"); Clark County School Dist. v. Breeden, 532
11 U.S. 268, 273–74 (2001) (noting cases finding causal link based solely on timing of
12 protected activity and adverse employment action "uniformly hold that the temporal
13 proximity must be 'very close'"; citing with approval circuit court decisions holding three-
14 month and four-month intervals insufficient).  Accordingly, plaintiffs' retaliation claims will
15 be dismissed without further leave to amend.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the FAC is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED without further leave to amend.

The Clerk of Court is hereby DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: August 14, 2024

MAXINE M. CHESNEY
United States District Judge